**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| MONUMENT POLICY GROUP, LLC, 975 F Street NW, Washington, DC 20004<br><br>Plaintiff,<br><br>- against -<br><br>MONUMENT STRATEGIES LLC, 1050 Connecticut Avenue, NW, Suite 500, Washington, DC 20036;<br><br>Defendant. | Case No.: 22-CV-976<br><br>PLAINTIFF'S' COMPLAINT FOR DECLARATORY RELIEF<br><br>JURY TRIAL DEMANDED |

Plaintiff Monument Policy Group, LLC ("MPG" or "Plaintiff"), by and through its undersigned attorneys, Law Offices of Michael D. Steger, P.C., prays for relief based on the following:

## NATURE OF THE ACTION

1. Plaintiff MPG, the owner of two federal registered trademarks for MONUMENT ADVOCACY and MONUMENT POLICY GROUP, has used those marks, with the dominant word "MONUMENT", continually in commerce for almost 16 years. Defendant Monument Strategies, LLC ("Strategies") recently claimed that MPG's use of its marks interferes with Defendant's rights to use its own name, causing confusion in the relevant marketplace. In this action, MPG seeks (a) a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 resolving actual controversies between the parties concerning the use and ownership of the MONUMENT ADVOCACY and MONUMENT POLICY GROUP trademarks and the rights arising out of those trademarks, and (b) an injunction prohibiting Defendant from interfering with MPG's use of the MONUMENT ADVOCACY and MONUMENT POLICY GROUP trademarks.

## PARTIES

2. Plaintiff MPG is a limited liability company formed and operating under the laws of the District of Columbia with its principal place of business located at 975 F Street NW, Washington, DC 20004, in the District of Columbia.

3. Plaintiff is informed and believes and thereon alleges that Defendant Strategies is a limited liability company formed and operating under the laws of the District of Columbia and doing business in the District of Columbia with its principal place of business located at 1050 Connecticut Avenue, NW, Suite 500, Washington, DC 20036.

## JURISDICTION AND VENUE

4. This action arises under the Lanham Act, 15 U.S.C., §§ 1115, 1116(a) and 1121.

5. This Court has federal question jurisdiction under 15 U.S.C., §§ 1115, 1116(a) and 1121, 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

6. Venue in this judicial district is proper under 28 U.S.C. § 1391 (b) and (c) in that Defendant's principal place of business is in this district and this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## FACTUAL BACKGROUND

7. MPG is a leading public affairs and government advocacy firm that provides sophisticated lobbying and public policy services to its clients, who are discerning consumers of such services. MPG's customers expend substantial resources in exchange for MPG's expertise and advice.

8. According to its website, Strategies is "one of the premier Washington, DC-based boutique bipartisan firms specializing in government strategies for corporations, not-for profits, municipalities, health care and educational institutions."

9. MPG was formed under the name Verdery Consulting, LLC on June 23, 2006.

10. On August 21, 2006, MPG changed its name to Monument Policy Group, LLC by filing articles of amendment to the articles of organization with the District of Columbia Department of Consumer and Regulatory Affairs.

11. MPG began operating under the name "Monument Policy Group" at least as early as September 7, 2006.

12. On September 18, 2006, MPG filed a federal trademark application for the mark MONUMENT POLICY GROUP with the United States Patent and Trademark Office ("USPTO"). On July 31, 2007, the USPTO issued a certificate of registration for MONUMENT POLICY GROUP, Reg. No. 3,270,868 with an effective registration date of September 18, 2006, for the following services in Class 35: "Lobbying services, namely promoting and advocating the interests of companies, associations, coalitions, and government entities before the federal government; and business consulting services in the fields of government affairs, public policy and business strategy (the 'MONUMENT POLICY GROUP Trademark"). A true and correct copy of the MONUMENT POLICY GROUP Trademark registration certificate is attached hereto as Exhibit A.

13. The MONUMENT POLICY GROUP Trademark is valid, subsisting and incontestable.

14. On October 26, 2018, MPG filed a federal trademark application for MONUMENT ADVOCACY with the USPTO. On November 12, 2019, the USPTO issued a trademark registration for MONUMENT ADVOCACY, Reg. No. 5,910,049 for the following services in Class 35: "Commercial lobbying services, namely, promoting and advocating the interests of companies, associations, coalitions, and government entities before the Federal

Government; Business Consulting services in the fields of government affairs, public policy, business strategy, communications, and public affairs" (the MONUMENT ADVOCACY Trademark"). A true and correct copy of the MONUMENT ADVOCACY Trademark registration certificate is attached hereto as Exhibit B.

15. The MONUMENT ADVOCACY Trademark was published for opposition on April 2, 2019.

16. MPG has been using the MONUMENT ADOVCACY Trademark in commerce in the District of Columbia since at least January 15, 2019 and has provided services under the "Monument Advocacy" name continuously since then.

17. The MONUMENT POLICY GROUP and MONUMENT ADVOCACY Trademarks are referred to collectively herein as the "MONUMENT Trademarks".

18. In 2007, Strategies complained to MPG that its use of MONUMENT POLICY GROUP was confusingly similar to "Monument Strategies".

19. Strategies was aware of MPG's use of the MONUMENT POLICY GROUP Trademark since at least 2007, yet Strategies failed to challenge or otherwise object to MPG's use of said trademark.

20. Through the USPTO's publication of the MONUMENT ADVOCACY Trademark in its Trademark Gazette in 2019, Strategies had constructive notice of said mark.

21. On February 5th, 2022, Strategies' principal, Jonathan Alexander, complained to MPG about its use of the MONUMENT ADVOCACY Trademark: "I let you slide previously. But there is too much confusion on your new name. Advocacy is too much close [sic] to 'strategies. . . You're going to have to change your name." and "I'm a lawyer and I will bleed you to death. We should talk because I suggest you change your name. Otherwise I will tell

[sic] you up and litigation for years."

22. On March 3rd, 2022, Mr. Alexander sent MPG a letter threatening "to seek judicial intervention to obtain orders permanently restraining and enjoining your continued use of the name Monument Advocacy and any other confusingly similar name."

23. True and correct copies of the correspondence referred to in Paragraphs 19 and 20 is attached hereto as Exhibit C.

24. Strategies has had both actual and constructive notice of MPG's intent to use and actual use of the MONUMENT ADVOCACY Trademark since at least 2018, yet Strategies failed to challenge or otherwise object to MPG's used of said trademark.

25. MPG has invested significant resources in developing and maintaining the MONUMENT Trademarks, and it has generated considerable goodwill through such investments. Through such investments, promotion and maintenance of the MONUMENT Trademarks and the "Monument" brand since 2006, MPG has developed a sophisticated clientele of corporations, associations and other groups who value MPG's expertise.

26. Strategies' failure to object to or challenge the MONUMENT Trademarks at the USPTO or in any other forum constituted acquiescence in the MPG Trademarks.

27. Strategies unreasonably delayed almost 16 years in waiting to challenge the MONUMENT Trademarks after receiving both actual and constructive notice of MPG's used of first the MONUMENT POLICY GROUP and then the MONUMENT ADVOCACY Trademarks.

## FIRST CLAIM FOR RELIEF

(Declaration of Rights in the MONUMENT Trademarks)

28. MPG repeats, re-alleges, and incorporates herein by reference as though fully set

forth, the allegations contained in the preceding paragraphs of this Complaint.

29.     MPG is the owner of all right, title and interest in and to the MONUMENT Trademarks, including but not limited to the MONUMENT ADVOCACY Trademark and the MONUMENT POLICY GROUP Trademark.

30.     MPG has used the MONUMENT POLICY GROUP Trademark continuously since 2006, and it has used the MONUMENT ADVOCACY Trademark continuously since 2019.

31.     The MONUMENT ADVOCACY Trademark benefits from the goodwill associated with the incontestable MONUMENT POLICY GROUP Trademark.

32.     After allowing MPG to use the MONUMENT Trademarks unimpeded since 2006, and after not opposing the applications for either of the MONUMENT Trademarks, Monument Strategies has now threatened legal action against MPG for its use of the MONUMENT Trademarks.

33.     An actual controversy exists between the parties with respect to MPG's foregoing claims of exclusive rights in the MONUMENT Trademarks.  The controversy is of sufficient immediacy to warrant the declaratory and injunctive relief requested herein.  MPG has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

(For Declaration of Non-Violation of Federal Trademark Laws)

34.     MPG repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

35.     MPG's use of the MONUMENT Trademarks, including but not limited to the MONUMENT ADVOCACY Trademark, in connection with the marketing and sale of MPG's services, does not constitute trademark infringement or unfair competition in violation of

Section 32 or 43(a) of the Lanham Action, 28 U.SC. §§ 1114 or 1125.

36. MPG's use of the MONUMENT Trademarks does not infringe under any federal law any mark purportedly owned by Strategies or constitute unfair competition in violation of any right purportedly owned by Strategies under any federal law.

37. Strategies has not been damaged, and will not in the future be damaged, by MPG's use of the MONUMENT Trademarks or by any alleged violation of federal law based on MPG's use of said marks.

38. An actual controversy exists between the parties with respect to MPG's foregoing claims of non-violation and the controversy is of sufficient immediacy to warrant the declaratory and injunctive relief requested herein. MPG has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF

(For Declaration of Non-Violation of District of Columbia Law)

39. MPG repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

40. MPG's use of the MONUMENT Trademarks does not infringe upon any state law, including the laws of the District of Columbia, any mark incorporating the word "monument" purportedly owned by Strategies, or constitute unfair competition in violation of any right purportedly owned by Strategies under any state law, including the laws of the District of Columbia, based on a mark or trade name incorporating the word "monument".

41. Strategies has not been damaged, and will not in the future be damaged, by MPG's use of the MONUMENT Trademarks or by any alleged violation of state or local laws based on MPG's use of said marks.

42. An actual controversy exists between the parties with respect to MPG's

foregoing claims of non-violation, and the controversy is of sufficient immediacy to warrant the declaratory and injunctive relief requested herein. MPG has no adequate remedy at law.

## **PRAYER FOR RELIEF**

Wherefore, MPG prays for judgment as follows:

### **Against all Defendants, and Each:**

MPG requests that this Court enter judgment:

    a. Declaring that MPG owns the federal rights to the MONUMENT Trademarks, that MPG's use of the MONUMENT Trademarks does not infringe on any mark owned by Strategies or otherwise violate any enforceable rights of Strategies, and that Strategies has no rights in any mark incorporating the terms MONUMENT POLICY GROUP or MONUMENT ADVOCACY;

    b. Enjoining Strategies, its agents, servants, members, employees, parents, subsidiaries, affiliates and all person acting in active concert with Strategies, from interfering with MPG's use and registration of the MONUMENT Trademarks;

    c. Awarding MPG its costs and attorneys' fees pursuant to 15 U.SC. §1117 and applicable District of Columbia law; and

    d. Awarding MPG such further relief as the Court deems proper.

Pursuant to the Seventh Amendment MPG hereby demands a jury on all claims for relief.

Dated: April 8, 2022                               Respectfully Submitted:

By: /s/ Michael D. Steger
  Michael D. Steger (DC Bar. No. 450213)
  Law Offices of Michael D. Steger, PC
  30 Ramland Road, Suite 201
  Orangeburg, New York 10962
  (845) 359-4600
  (845) 638-2707 (fax)
  msteger@steger-law.com
  Attorney for Plaintiff